**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


ERIC MILLER,

        Petitioner,

v.                                     CASE NO.  4:07cv120-RH/AK

WALTER A. McNEIL,

        Respondent.

_____/


**<u>ORDER OF DISMISSAL</u>**


      By petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner

Eric Miller challenges his Florida state-court conviction on multiple counts arising

from a scheme to defraud.  The case is before the court on the magistrate judge's

report and recommendation (document 39) and the objections (document 42).  The

recommendation is that the petition be denied.  I have reviewed *de novo* the issues

raised by the objections.

      The state presented overwhelming evidence of Mr. Miller's guilt.  The

conviction and sentence were affirmed on direct review and were upheld against

state-court collateral challenges.  Mr. Miller now seeks relief in this court on

various grounds.  The report analyzes the claims correctly and is adopted as the

court's opinion, with these additional notes.

Mr. Miller changed attorneys shortly before the trial. He sought but was denied a continuance. He says the new attorneys rendered ineffective assistance because they had too little time to prepare. Requiring a defendant to go to trial with a newly retained attorney could be unconstitutional. But Mr. Miller has failed to show that his constitutional rights were violated here or that it made any difference. And even more clearly, Mr. Miller has failed to show that the state courts' rejection of his claims was contrary to, or an unreasonable application of, federal law as established by the United States Supreme Court.

Mr. Miller was represented for months prior to trial by a court-appointed attorney. Mr. Miller says the attorney had never tried a securities-fraud case, and perhaps he had not. But the trial judge characterized the attorney as one of the county's best. Mr. Miller has made no factual allegations inconsistent with the conclusion that the attorney was a highly experienced criminal-defense attorney fully competent to handle a wide array of cases, including this one. Nothing in the Sixth Amendment requires appointment of an attorney who has previously handled cases of the specific kind at issue.[1]

Mr. Miller chose to seek the attorney's discharge shortly before trial. He

---

[1] It perhaps bears noting—though it has had no effect on this decision—that the attorney has long been a member of this court's Criminal Justice Act panel, has tried many cases here, and has done so diligently and effectively.

retained two new attorneys. That Mr. Miller was able to retain the attorneys casts some doubt on the assertion that he was entitled to a court-appointed attorney at all. But he says his ability to retain the attorneys came about because the state dropped a substantial number of counts, thus lowering the cost to retain the attorneys. Mr. Miller suggests that retaining an attorney when the case was narrowed had been his plan for months.

Mr. Miller says the new attorneys were unprepared and thus rendered ineffective assistance. He attributes this to their late entry into the case. The ineffective-assistance claim fails for the reasons set out in the report and recommendation in detail. Three points deserve emphasis.

First, Mr. Miller planned his way into this situation, or at least caused it. Mr. Miller says the appointed attorney rendered ineffective assistance, leaving him no choice but to discharge the attorney. But Mr. Miller has alleged no facts—as opposed to conclusions—supporting the assertion. And he has admitted that his goal from early on was to retain an attorney, or attorneys, to replace the appointed attorney.

Second, Mr. Miller faults the trial judge for denying a continuance, but the trial judge concluded, with substantial support in the record, that Mr. Miller was in effect gaming the system, angling for a delay for the sake of a delay. The state made a substantial showing that continuing the trial would be prejudicial,

interfering with the availability of a substantial number of witnesses, including physicians, from around the state. A trial judge must be attentive to legitimate requests for more time to prepare, but a trial judge need not abdicate management of a case to a recalcitrant defendant. The decision not to continue this case was not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court.[2]

Third, Mr. Miller still has pointed to nothing the retained attorneys could have done with more time that would have made any difference in the outcome of the case. The state courts' conclusion that Mr. Miller failed to show that the attorneys rendered constitutionally ineffective assistance—despite their late entry into the case—and failed to show that he suffered any prejudice was not contrary to, nor an unreasonable application of, federal law as determined by the United States Supreme Court.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's

---

[2] It bears noting—though it has no effect on this decision—that the trial judge in this case was widely regarded as one of the state's best. He was noted for his even temperament and fairness to both sides.

opinion.  The clerk must enter judgment stating, "The complaint is dismissed with prejudice."  The clerk must close the file.

SO ORDERED on March 5, 2010.

s/Robert L. Hinkle_____
United States District Judge